**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KHALED SAFFURI,

        Plaintiff,

v.

AL ARABIYA, *et al.*,

        Defendant.

Civil Action No. 19-3005
(EGS)

<u>**MEMORANDUM OPINION AND ORDER**</u>

      Pending before the Court is Plaintiff's Motion to Vacate Judgment. *See* Mot. to Vacate, ECF No. 30. Upon careful consideration of the motion, opposition, and reply thereto, the applicable law, and for the reasons explained below, the motion is **DENIED**.

      Following Plaintiff's service of the Complaint in this case, a non-party filed a motion to dismiss, *see* Mot. to Dismiss, ECF No. 16; and a motion to correct the case caption, *see* Mot. to Correct, ECF No. 27. The Court denied the motion to correct, *see* Minute Order (Aug. 10, 2022); and directed the Clerk of Court to "enter in error" the motion to dismiss and associated filings filed by a non-party to the case, *see* Minute Order (Aug. 10, 2022). The Court also agreed with Plaintiff that

he should be allowed to take limited discovery, to conclude by no later than October 11, 2022, regarding whether the named Defendants are legal entities capable of being sued. *See* Minute Order (Aug. 10, 2022). On August 24, 2022, the named Defendants filed a motion to dismiss. *See* Mot. to Dismiss, ECF No. 29. No response to the motion to dismiss was received, and the Court granted the motion 45 days later. Minute Order (Oct. 6, 2022). Although the motion to dismiss by the named Defendants was filed prior to the date by which the limited discovery was to conclude, Plaintiff did not seek an extension of time to respond to that motion. *See generally* Docket for Civil Action No. 19-3005.

Plaintiff now moves to vacate the judgment under Rule 60(b)(1) and (6) and to authorize the submission of his opposition to the motion to dismiss. *See* Mot. to Vacate, ECF No. 30. Other than citing these two provisions of Rule 60, however, Plaintiff provides no points and authorities in support of his motion. *See generally id.*, *see also* Reply, ECF No. 33. He provides no explanation for why he did not timely respond to the motion to dismiss, *see generally* Mot. to Vacate, ECF No. 30, *see also* Reply, ECF No. 33; asserting that the motion was filed out of time, *see* Mot. to Vacate, ECF No. 30 at 2; *see also* Reply, ECF No. 33 at 1. Plaintiff contends there would be no prejudice

to Defendants were the Court to allow the opposition to be filed. *Id*.

Pursuant to Federal Rule of Civil Procedure 60(b), the court, "[o]n motion and just terms, ... may relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six enumerated grounds. Fed. R. Civ. P. 60(b). The grounds include "mistake, inadvertence, surprise, or excusable neglect," *id*. at 60(b)(1); and "any other reason that justifies relief," *id*. at 60(b)(6). "In considering a Rule 60(b) motion, the district court must strike a delicate balance between the sanctity of final judgments ... and the incessant command of a court's conscience that justice be done in light of *all* the facts." *PETA v. HHS*, 901 F.3d 343, 354-55 (D.C. Cir. 2018) (citation and internal quotation marks omitted). "[T]he decision to grant or deny a [R]ule 60(b) motion is committed to the discretion of the [d]istrict [c]ourt[.]" *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993). The movant bears "the burden of establishing that its prerequisites are satisfied." *Gates v. Syrian Arab Republic*, 646 F.3d 1, 5 (D.C. Cir. 2011).

Here, other than citing two provisions of Rule 60(b), Plaintiff provides no points and authorities in support of his motion. *See generally* ECF No. 30, ECF No. 31. The Court

3

therefore has no information regarding the specific ground(s) upon which he seeks relief, the reasons therefore, and the legal authority that supports his position. Accordingly, Plaintiff has failed to satisfy his "burden of establishing that [the] prerequisites [of the Rule] are satisfied." *Gates*, 646 F.3d at 5. In failing to provide points and authorities in support of his motion, Plaintiff has also failed to comply with the requirement of Local Civil Rule 7(a) to provide "the specific points of law and authority that support the motion."

To the extent Plaintiff believes he was excused from responding to the motion to dismiss because he believed it was untimely, he has provided no authority in support of that proposition. Plaintiff himself sought the limited discovery the Court ordered, and that order put the Plaintiff on notice of the possibility that a motion to dismiss by the named Defendants in the case could be filed.

Furthermore, Plaintiff failed to comply with the requirement to respond to a motion to dismiss within 14 days, *see generally* Docket for Civil Action No. 19-3005; and provided no reason for this failure, *see generally* Mot. to Vacate, ECF No. 30; *see also* Reply, ECF No. 33.

The Local Civil Rules for this District provide that "[w]ithin 14 days of the date of service" of a motion, "an opposing party shall serve and file a memorandum of points and

authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." LCvR 7(b). "This rule is not some obscure technicality; it is regularly enforced in this district." *Robinson v. Ergo Solutions*, LLC 4 F. Supp 3d 181, 187 (D.D.C. 2014) (citing *Cromartie v. District of Columbia,* 729 F. Supp. 2d 281, 285 (D.D.C. 2010), *aff'd,* 479 Fed. Appx. 355 (D.C. Cir. 2012). "And the [Court of Appeals for the District of Columbia] Circuit has repeatedly affirmed enforcement of this rule as an appropriate exercise of district court authority and discretion". *Id.* (citing  *Fox v. Am. Airlines, Inc.,* 389 F.3d 1291, 1294-95 (D.C. Cir. 2004) ("This court has yet to deem such a straightforward application of Local Rule 7(b) an abuse of discretion and ... we see no reason for doing so here."); *Twelve John Does v. District of Columbia,* 117 F.3d 571, 577 (D.C. Cir. 1997)("Where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule.").

A Court may, for good cause, extend the time period for a filing "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The factors the Court considers in determining when a late filing may constitute "excusable neglect" are "(1) the danger of prejudice to the [opposing party], (2) the length of

delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class Action*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)). The third factor—the reason for the delay—is "a very important factor, perhaps the most important single factor in determining whether neglect is excusable." *Webster v. Pacesetter Inc*., 270 F. Supp. 2d 9, 14 (D.D.C. 2003)(quoting *City of Chanute v. Williams Natural Gas Co*., 31 F.3d 1041, 1046 (10th Cir. 1994)).

Here, Plaintiff failed to comply with the 14 day time period for responding to the motion to dismiss. Furthermore, Plaintiff provided no reason for that failure, nor has he sought to extend the time period.

For all these reasons, it is **HEREBY ORDERED** that Plaintiff's Motion to Vacate Judgment, ECF No. 30, is **DENIED**. This is a final and appealable Order. *See* Fed. R. App. P. 4(a).

**SO ORDERED**

Signed:     **Emmet G. Sullivan**
            **United States District Judge**
            **May 8, 2023**