APPEAL,CLOSED,JURY,TYPE−B

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:19−cv−03005−EGS
### *Internal Use Only*

SAFFURI v. AL ARABIYA et al  
Assigned to: Judge Emmet G. Sullivan  
Demand: $4,500,000  
Cause: 28:1332 Diversity−Libel,Assault,Slander  

Date Filed: 10/07/2019  
Date Terminated: 10/06/2022  
Jury Demand: Plaintiff  
Nature of Suit: 320 Assault Libel & Slander  
Jurisdiction: Diversity  

**Plaintiff**

**KHALED SAFFURI**  
*an individual person*

represented by **Bruce Fein**  
FEIN & DELVALLE PLLC  
300 New Jersey Avenue, NW  
Suite 900  
Washington, DC 20001  
(202) 465−8728  
Email: bruce@feinpoints.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**W. Bruce DelValle**  
FEIN & DELVALLE PLLC  
300 New Jersey Avenue, NW  
Suite 900  
Washington, DC 20001  
(202) 465−8727  
Email: brucedelvalle@gmail.com  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AL ARABIYA**  
*A broadcast television station owned by the Kingdom of Saudi Arabia*

represented by **Chad Russell Bowman**  
BALLARD SPAHR LLP  
1909 K Street, NW  
12th Floor  
Washington, DC 20006  
202−508−1120  
Fax: 202−661−2299  
Email: bowmanchad@ballardspahr.com  
*ATTORNEY TO BE NOTICED*

**Jay Ward Brown**  
BALLARD SPAHR LLP  
1909 K Street, NW

12th Floor
Washington, DC 20006
(202) 508–1136
Fax: (202) 661–2299
Email: brownjay@ballardspahr.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**AL ARABIYA AL HADATH**
*A broadcast television station owned by*
*the Kingdom of Saudi Arabia*

represented by **Chad Russell Bowman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jay Ward Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SAUDI 24 TV**
*A broadcast television station owned by*
*the Kingdom of Saudi Arabia*
*TERMINATED: 03/13/2020*

**Defendant**

**OTHMAN ALI MUHAMMED OMAR**
*An individual person*
*TERMINATED: 03/13/2020*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/07/2019 | 1 | COMPLAINT against Al Arabiya, Al Arabiya Al Hadath, Saudi 24 TV, OTHMAN ALI MUHAMMED OMAR with Jury Demand (Fee Status:Filing Fee Waived) filed by Khaled Saffuri. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons)(DelValle, W.) (Entered: 10/07/2019) |
| 10/11/2019 | 2 | ERRATA by KHALED SAFFURI 1 Complaint, filed by KHALED SAFFURI. (DelValle, W.) (Entered: 10/11/2019) |
| 10/17/2019 |  | Case assigned to Judge Emmet G. Sullivan. (zmc) (Entered: 10/17/2019) |
| 10/17/2019 | 3 | SUMMONS (4) Issued Electronically as to AL ARABIYA, AL ARABIYA AL HADATH, OTHMAN ALI MUHAMMED OMAR, SAUDI 24 TV. (Attachment: # 1 Notice and Consent)(zmc) (Entered: 10/17/2019) |
| 10/24/2019 | 4 | STANDING ORDER: The parties are directed to read the attached Standing Order Governing Civil Cases Before Judge Emmet G. Sullivan in its entirety upon receipt. The parties are hereby ORDERED to comply with the directives in the attached Standing Order. Signed by Judge Emmet G. Sullivan on 10/24/19. (Attachment: Exhibit 1) (mac) (Entered: 10/24/2019) |
| 02/03/2020 |  | MINUTE ORDER. Plaintiff is hereby ordered to show cause, by no later than February 13, 2020, why this case should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(m) (If a defendant is not served within |

| | | |
|---|---|---|
| | | 90 days after the complaint is filed, the court... must dismiss the action without prejudice against that defendant...). Signed by Judge Emmet G. Sullivan on 2/3/2020. (lcegs2) (Entered: 02/03/2020) |
| 02/04/2020 | | Set/Reset Deadlines: Plaintiff Show Cause due by 2/13/2020. (mac) (Entered: 02/04/2020) |
| 02/12/2020 | 5 | RESPONSE TO ORDER TO SHOW CAUSE by KHALED SAFFURI re Order, *dated February 3, 2020,* filed by KHALED SAFFURI. (DelValle, W.) (Entered: 02/12/2020) |
| 02/13/2020 | | MINUTE ORDER. In light of 5 Plaintiff's RESPONSE TO ORDER TO SHOW CAUSE, it is hereby ORDERED that, by no later than March 13, 2020, Plaintiffs shall either file proof of service with the Court or file a status report informing the Court of Plaintiffs' attempts to serve Defendants pursuant to Fed. R. Civ. P. 4(f). "Failure to effect proper service is grounds for dismissal." See Candido v. D.C., 242 F.R.D. 151, 164 (D.D.C. 2007). Signed by Judge Emmet G. Sullivan on 2/13/2020. (lcegs2) (Entered: 02/13/2020) |
| 03/13/2020 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. AL ARABIYA served on 2/10/2020, answer due 3/2/2020 (DelValle, W.) (Entered: 03/13/2020) |
| 03/13/2020 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. AL ARABIYA AL HADATH served on 2/10/2020, answer due 3/2/2020 (DelValle, W.) (Entered: 03/13/2020) |
| 03/13/2020 | 8 | ENTERED IN ERROR AS A DUPLICATE ENTRY TO 7 ..RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. (DelValle, W.) Modified on 3/16/2020 (jf). (Entered: 03/13/2020) |
| 03/13/2020 | 9 | NOTICE of Voluntary Dismissal re SAUDI 24 TV , *WITHOUT PREJUDICE* (DelValle, W.) (Entered: 03/13/2020) |
| 03/13/2020 | 10 | NOTICE of Voluntary Dismissal re OTHMAN OMAR , *WITHOUT PREJUDICE* (DelValle, W.) (Entered: 03/13/2020) |
| 03/13/2020 | 11 | STATUS REPORT *and Response to Court's 2/13/2020 Minute Order* by KHALED SAFFURI. (DelValle, W.) (Entered: 03/13/2020) |
| 04/08/2020 | 12 | Consent MOTION for Extension of Time to File Answer re 1 Complaint, *on behalf of Middle East News US, Inc., incorrectly served as* by AL ARABIYA, AL ARABIYA AL HADATH (Bowman, Chad) (Entered: 04/08/2020) |
| 04/08/2020 | 13 | NOTICE of Appearance by Jay Ward Brown on behalf of AL ARABIYA, AL ARABIYA AL HADATH (Brown, Jay) (Entered: 04/08/2020) |
| 04/09/2020 | | MINUTE ORDER granting 12 Consent MOTION for Extension of Time to File Answer. Middle East News US, Inc., to the extent that it then remains a party to this action, shall file its response to the Complaint by no later than May 11, 2020. Signed by Judge Emmet G. Sullivan on 4/9/2020. (lcegs2) (Entered: 04/09/2020) |
| 04/10/2020 | | Set/Reset Deadlines: Response To The Complaint due by 5/11/2020 (mac) (Entered: 04/10/2020) |
| 05/06/2020 | 14 | WAIVER OF SERVICE. AL ARABIYA waiver sent on 4/28/2020, answer due 6/27/2020. (DelValle, W.) (Entered: 05/06/2020) |

| 05/06/2020 | 15 | WAIVER OF SERVICE. AL ARABIYA AL HADATH waiver sent on 4/28/2020, answer due 6/27/2020. (DelValle, W.) (Entered: 05/06/2020) |
|---|---|---|
| 06/29/2020 | 16 | ENTERED IN ERROR PURSUANT TO MINUTE ORDER DATED 08/10/2022.....MOTION to Dismiss for Lack of Jurisdiction by AL ARABIYA, AL ARABIYA AL HADATH (Attachments: # 1 Declaration of M. Alshammari in Support of Mot. to Dismiss, # 2 Exhibit 1 to Decl. of M. Alshammari, # 3 Text of Proposed Order)(Bowman, Chad) Modified on 8/15/2022 (zjf). (Entered: 06/29/2020) |
| 07/11/2020 | 17 | NOTICE of Appearance by W. Bruce DelValle on behalf of KHALED SAFFURI (DelValle, W.) (Entered: 07/11/2020) |
| 07/13/2020 | 18 | ENTERED IN ERROR PURSUANT TO MINUTE ORDER DATED 08/10/2022.....RESPONSE re 16 MOTION to Dismiss for Lack of Jurisdiction *and Proposed Order* filed by KHALED SAFFURI. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(DelValle, W.) (Additional attachment(s) added on 7/14/2020: # 3 Text of Proposed Order) (zjf). Modified on 8/15/2022 (zjf). (Entered: 07/13/2020) |
| 07/13/2020 | 19 | ENTERED IN ERROR PURSUANT TO MINUTE ORDER DATED 08/10/2022.....RESPONSE re 16 MOTION to Dismiss for Lack of Jurisdiction – *PROPOSED ORDER* filed by KHALED SAFFURI. (DelValle, W.) Modified on 7/14/2020 (zjf). (Entered: 07/13/2020) |
| 07/14/2020 |  | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 19 Response to motion was entered in error and added to DE# 18 as an attachment. Counsel should have used the "Notice of Proposed Order" docket event.(zjf) (Entered: 07/14/2020) |
| 07/14/2020 | 20 | ENTERED IN ERROR PURSUANT TO MINUTE ORDER DATED 08/10/2022.....ERRATA *and SUPPLEMENT* by KHALED SAFFURI 18 Response to motion, filed by KHALED SAFFURI. (DelValle, W.) Modified on 8/15/2022 (zjf). (Entered: 07/14/2020) |
| 07/20/2020 | 21 | ENTERED IN ERROR PURSUANT TO MINUTE ORDER DATED 08/10/2022.....REPLY to opposition to motion re 16 MOTION to Dismiss for Lack of Jurisdiction filed by AL ARABIYA, AL ARABIYA AL HADATH. (Attachments: # 1 Declaration of Chad R. Bowman in Support, # 2 Exhibit 1 to Bowman Decl., # 3 Exhibit 2 to Bowman Decl.)(Bowman, Chad) Modified on 8/15/2022 (zjf). (Entered: 07/20/2020) |
| 03/03/2021 | 22 | ENTERED IN ERROR PURSUANT TO MINUTE ORDER DATED 08/10/2022.....MOTION for Oral Argument re 16 MOTION to Dismiss for Lack of Jurisdiction *Motion for Oral Argument* filed by KHALED SAFFURI. (DelValle, W.) Modified on 3/4/2021 to correct docket event/text (zjf). Modified on 8/15/2022 (zjf). (Entered: 03/03/2021) |
| 03/05/2021 | 23 | NOTICE of Appearance by Bruce Fein on behalf of KHALED SAFFURI (Fein, Bruce) (Entered: 03/05/2021) |
| 07/16/2021 |  | MINUTE ORDER denying 22 motion for oral argument. The Court will resolve the pending motion without oral argument. Signed by Judge Emmet G. Sullivan on 7/16/2021. (lcegs1) (Entered: 07/16/2021) |
| 01/10/2022 | 24 | ENTERED IN ERROR PURSUANT TO MINUTE ORDER DATED 08/10/2022.....AFFIDAVIT for Entry of Default as to by KHALED SAFFURI. (Fein, Bruce) Modified on 8/16/2022 to correct docket event/text(zjf). (Entered: 01/10/2022) |

4

| 01/24/2022 | 25 | ENTERED IN ERROR PURSUANT TO MINUTE ORDER DATED 08/10/2022.....RESPONSE re 24 MOTION for Entry of Default filed by AL ARABIYA, AL ARABIYA AL HADATH. (Bowman, Chad) Modified on 8/16/2022 (zjf). (Entered: 01/24/2022) |
|---|---|---|
| 04/26/2022 | 26 | NOTICE OF SUPPLEMENTAL AUTHORITY by AL ARABIYA, AL ARABIYA AL HADATH (Attachments: # 1 Exhibit A)(Bowman, Chad) (Entered: 04/26/2022) |
| 06/24/2022 | 27 | MOTION to Amend/Correct *Caption* by AL ARABIYA, AL ARABIYA AL HADATH. (Attachments: # 1 Exhibit 1 – Email opposing motion, # 2 Text of Proposed Order)(Bowman, Chad) (Entered: 06/24/2022) |
| 07/15/2022 | | MINUTE ORDER. Plaintiff shall provide a response, if any, to 27 Motion to Amend/Correct Caption by no later than July 29, 2022. LCvR 7(b) (Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.) Signed by Judge Emmet G. Sullivan on 7/15/2022. (lcegs1) (Entered: 07/15/2022) |
| 07/18/2022 | | Set/Reset Deadlines: Plaintiff Response To 27 Motion to Amend/Correct Caption due by 7/29/2022 (mac) (Entered: 07/18/2022) |
| 07/29/2022 | 28 | Memorandum in opposition to re 27 Motion to Amend/Correct filed by KHALED SAFFURI. (Fein, Bruce) (Entered: 07/29/2022) |
| 08/10/2022 | | MINUTE ORDER denying, without prejudice, 27 Motion to Amend/Correct Caption filed by Middle East News. Middle East News is not a party to this action. Rather, the named defendants in this case are two alleged broadcast television stations−−Al Arabiya and Al Arabiya Al Hadath. Middle East News contends that the caption needs to be corrected to identify Middle East News as the proper corporate defendant in this case. Mot. to Correct Caption, ECF No. 27 at 1. Middle East News claims that the named defendants "are no more than the names of two television channels operated by Middle East News," arguing that neither of the defendants are legal entities capable of being sued. Mot. to Amend/Correct, ECF No. 27 at 2. Plaintiff opposes the Motion to Amend/Correct, and among other things, requests an opportunity for discovery on the issue. Middle East News did not file a Reply brief opposing this request. See generally Docket for Civil Action No. 19−3005. Accordingly, Plaintiffs may take limited discovery−−including depositions and document production−−on the issue of whether Al Arabiya and Al Arabiya Al Hadath are two television channels operated by Middle East News with no independent legal status. Discovery shall be completed by no later than October 11, 2022. Signed by Judge Emmet G. Sullivan on 8/10/2022. (lcegs1) (Entered: 08/10/2022) |
| 08/10/2022 | | MINUTE ORDER. The Clerk of Court is directed to enter in error ECF No. 16 and associated filings. ECF No. 16 and associated filings were filed by a party who is not a named defendant in this case. Signed by Judge Emmet G. Sullivan on 8/10/2022. (lcegs1) (Entered: 08/10/2022) |
| 08/10/2022 | | Set/Reset Deadlines: Discovery due by 10/11/2022. (mac) (Entered: 08/10/2022) |
| 08/24/2022 | 29 | MOTION to Dismiss for Lack of Jurisdiction by AL ARABIYA AL HADATH. (Attachments: # 1 Attachment A – unpublished order, # 2 Decl. of Mamdouh Eissa M. Alshammari, # 3 Proposed Order)(Bowman, Chad) (Entered: 08/24/2022) |

| 10/06/2022 |  | MINUTE ORDER. Having received no opposition, the Court hereby GRANTS 29 Motion to Dismiss. See Local Civ. R. 7(b) ("Within 14 days of the date of service..., an opposing party shall serve and file a memorandum of points and authorities in opposition to [a] motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."). Signed by Judge Emmet G. Sullivan on 10/6/2022. (lcegs1) (Entered: 10/06/2022) |
|---|---|---|
| 10/07/2022 | 30 | MOTION for Relief from Judgment by KHALED SAFFURI. (Attachments: # 1 Affidavit, # 2 Memorandum in Support, # 3 Affidavit)(Fein, Bruce) (Entered: 10/07/2022) |
| 10/09/2022 | 31 | NOTICE of Proposed Order re 30 MOTION for Relief from Judgment by KHALED SAFFURI. (Fein, Bruce) Modified docket event/text on 5/5/2023 (zed). (Entered: 10/09/2022) |
| 10/21/2022 | 32 | Memorandum in opposition to re 30 Motion for Relief from Judgment filed by AL ARABIYA, AL ARABIYA AL HADATH. (Bowman, Chad) (Entered: 10/21/2022) |
| 10/24/2022 | 33 | REPLY to opposition to motion *to vacate judgment* re 30 Motion for Relief from Judgment filed by KHALED SAFFURI. (Fein, Bruce) Modified docket event/text on 10/24/2022 (zed). (Entered: 10/24/2022) |
| 05/08/2023 | 34 | MEMORANDUM OPINION AND ORDER denying 30 Motion for Relief from Judgment. Signed by Judge Emmet G. Sullivan on 5/8/2023. (lcegs1) (Entered: 05/08/2023) |
| 05/11/2023 | 35 | ENTERED IN ERROR.....NOTICE *Notice of Appeal* by KHALED SAFFURI (Fein, Bruce) Modified on 5/11/2023 (znmw). (Entered: 05/11/2023) |
| 05/11/2023 |  | NOTICE OF ERROR regarding 35 Notice (Other). The following error(s) need correction: Incorrect event. Please refile using the event Notice of Appeal on the Appeal Documents menu, and pay the filing fee. (znmw) (Entered: 05/11/2023) |
| 05/11/2023 | 36 | ENTERED IN ERROR.....NOTICE OF APPEAL TO DC CIRCUIT COURT by KHALED SAFFURI. Fee Status: No Fee Paid. Parties have been notified. (Fein, Bruce) Modified on 5/11/2023; refiled and paid filing fee at docket entry 36 . (znmw). (Entered: 05/11/2023) |
| 05/11/2023 | 37 | NOTICE OF APPEAL TO DC CIRCUIT COURT by KHALED SAFFURI. Filing fee $ 505, receipt number ADCDC−10062476. Fee Status: Fee Paid. Parties have been notified. (Fein, Bruce) (Entered: 05/11/2023) |

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

Plaintiff: **Khaled Saffuri**

vs.

Civil Action No. **19-3005**

Defendant: **Al Arabiya, et al**

## CIVIL NOTICE OF APPEAL

Notice is hereby given this __11__ day of __May__ 20__23__, that

Plaintiff Khaled Saffuri

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the

judgment of this court entered on the __8__ day of __May__, 20__23__, in

favor of __Defendant Al Arabiya__

against said __Plaintiff Khaled Saffuri__

Attorney/Pro Se Party Signature: *[signature: Bruce Fein]*

Name: Bruce Fein

Address: 300 New Jersey Avenue, N.W. Suiite 900,

Washington, D.C. 20001

Telephone: (__202__) __465-8728__

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

USCA Form 13
Rev. June 2017

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALED SAFFURI,<br><br>   Plaintiff,<br><br>v.<br><br>AL ARABIYA, *et al.*,<br><br>   Defendant. | Civil Action No. 19-3005<br>(EGS) |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Vacate Judgment. *See* Mot. to Vacate, ECF No. 30. Upon careful consideration of the motion, opposition, and reply thereto, the applicable law, and for the reasons explained below, the motion is **DENIED**.

Following Plaintiff's service of the Complaint in this case, a non-party filed a motion to dismiss, *see* Mot. to Dismiss, ECF No. 16; and a motion to correct the case caption, *see* Mot. to Correct, ECF No. 27. The Court denied the motion to correct, *see* Minute Order (Aug. 10, 2022); and directed the Clerk of Court to "enter in error" the motion to dismiss and associated filings filed by a non-party to the case, *see* Minute Order (Aug. 10, 2022). The Court also agreed with Plaintiff that

he should be allowed to take limited discovery, to conclude by no later than October 11, 2022, regarding whether the named Defendants are legal entities capable of being sued. *See* Minute Order (Aug. 10, 2022). On August 24, 2022, the named Defendants filed a motion to dismiss. *See* Mot. to Dismiss, ECF No. 29. No response to the motion to dismiss was received, and the Court granted the motion 45 days later. Minute Order (Oct. 6, 2022). Although the motion to dismiss by the named Defendants was filed prior to the date by which the limited discovery was to conclude, Plaintiff did not seek an extension of time to respond to that motion. *See generally* Docket for Civil Action No. 19-3005.

Plaintiff now moves to vacate the judgment under Rule 60(b)(1) and (6) and to authorize the submission of his opposition to the motion to dismiss. *See* Mot. to Vacate, ECF No. 30. Other than citing these two provisions of Rule 60, however, Plaintiff provides no points and authorities in support of his motion. *See generally id.*, *see also* Reply, ECF No. 33. He provides no explanation for why he did not timely respond to the motion to dismiss, *see generally* Mot. to Vacate, ECF No. 30, *see also* Reply, ECF No. 33; asserting that the motion was filed out of time, *see* Mot. to Vacate, ECF No. 30 at 2; *see also* Reply, ECF No. 33 at 1. Plaintiff contends there would be no prejudice

2

to Defendants were the Court to allow the opposition to be filed. *Id*.

Pursuant to Federal Rule of Civil Procedure 60(b), the court, "[o]n motion and just terms, ... may relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six enumerated grounds. Fed. R. Civ. P. 60(b). The grounds include "mistake, inadvertence, surprise, or excusable neglect," *id*. at 60(b)(1); and "any other reason that justifies relief," *id*. at 60(b)(6). "In considering a Rule 60(b) motion, the district court must strike a delicate balance between the sanctity of final judgments ... and the incessant command of a court's conscience that justice be done in light of *all* the facts." *PETA v. HHS*, 901 F.3d 343, 354-55 (D.C. Cir. 2018) (citation and internal quotation marks omitted). "[T]he decision to grant or deny a [R]ule 60(b) motion is committed to the discretion of the [d]istrict [c]ourt[.]" *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993). The movant bears "the burden of establishing that its prerequisites are satisfied." *Gates v. Syrian Arab Republic*, 646 F.3d 1, 5 (D.C. Cir. 2011).

Here, other than citing two provisions of Rule 60(b), Plaintiff provides no points and authorities in support of his motion. *See generally* ECF No. 30, ECF No. 31. The Court

therefore has no information regarding the specific ground(s) upon which he seeks relief, the reasons therefore, and the legal authority that supports his position. Accordingly, Plaintiff has failed to satisfy his "burden of establishing that [the] prerequisites [of the Rule] are satisfied." *Gates*, 646 F.3d at 5. In failing to provide points and authorities in support of his motion, Plaintiff has also failed to comply with the requirement of Local Civil Rule 7(a) to provide "the specific points of law and authority that support the motion."

To the extent Plaintiff believes he was excused from responding to the motion to dismiss because he believed it was untimely, he has provided no authority in support of that proposition. Plaintiff himself sought the limited discovery the Court ordered, and that order put the Plaintiff on notice of the possibility that a motion to dismiss by the named Defendants in the case could be filed.

Furthermore, Plaintiff failed to comply with the requirement to respond to a motion to dismiss within 14 days, *see generally* Docket for Civil Action No. 19-3005; and provided no reason for this failure, *see generally* Mot. to Vacate, ECF No. 30; *see also* Reply, ECF No. 33.

The Local Civil Rules for this District provide that "[w]ithin 14 days of the date of service" of a motion, "an opposing party shall serve and file a memorandum of points and

4

authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." LCvR 7(b). "This rule is not some obscure technicality; it is regularly enforced in this district." *Robinson v. Ergo Solutions*, LLC 4 F. Supp 3d 181, 187 (D.D.C. 2014) (citing *Cromartie v. District of Columbia,* 729 F. Supp. 2d 281, 285 (D.D.C. 2010), *aff'd,* 479 Fed. Appx. 355 (D.C. Cir. 2012). "And the [Court of Appeals for the District of Columbia] Circuit has repeatedly affirmed enforcement of this rule as an appropriate exercise of district court authority and discretion". *Id*. (citing *Fox v. Am. Airlines, Inc.,* 389 F.3d 1291, 1294-95 (D.C. Cir. 2004) ("This court has yet to deem such a straightforward application of Local Rule 7(b) an abuse of discretion and ... we see no reason for doing so here."); *Twelve John Does v. District of Columbia,* 117 F.3d 571, 577 (D.C. Cir. 1997)("Where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule.").

    A Court may, for good cause, extend the time period for a filing "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The factors the Court considers in determining when a late filing may constitute "excusable neglect" are "(1) the danger of prejudice to the [opposing party], (2) the length of

Case 1:19-cv-03005-EGS   Document 38   Filed 05/11/23   Page 13 of 13

delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class Action*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)). The third factor—the reason for the delay—is "a very important factor, perhaps the most important single factor in determining whether neglect is excusable." *Webster v. Pacesetter Inc.*, 270 F. Supp. 2d 9, 14 (D.D.C. 2003)(quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

Here, Plaintiff failed to comply with the 14 day time period for responding to the motion to dismiss. Furthermore, Plaintiff provided no reason for that failure, nor has he sought to extend the time period.

For all these reasons, it is **HEREBY ORDERED** that Plaintiff's Motion to Vacate Judgment, ECF No. 30, is **DENIED**. This is a final and appealable Order. *See* Fed. R. App. P. 4(a).

    **SO ORDERED**

**Signed:     Emmet G. Sullivan**
**           United States District Judge**
**           May 8, 2023**

6
14